UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:26-cv-00453-AH-(DSRx) | Date | March 27, 2026 |
|---|---|---|---|
| Title | *Shalomith Reed v. Mercedes-Benz USA, LLC et al.* | | |

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING MOTION TO REMAND (DKT. No. 12)   [JS-6]**

Before the Court is Plaintiff Shalomith Reed's ("Plaintiff") Motion to Remand ("Motion"). Dkt. No. 12. Defendant Mercedes-Benz USA, LLC ("Defendant") opposed. Dkt. No. 15. Plaintiff replied. Dkt. No. 17. The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. For the following reasons, the Court GRANTS the Motion.

## I.   BACKGROUND

According to Plaintiff's Complaint, Plaintiff acquired a 2022 Mercedes-Benz GLB 250 ("Vehicle") manufactured and/or distributed by Defendant on or before February 24, 2022. Notice of Removal ("NOR"), Ex. A, Compl. ¶¶ 4, 5, Dkt. No. 1-1. In connection with the purchase, Plaintiff received written warranties and other express and implied warranties. *Id.* ¶ 7. During Plaintiff's ownership of the Vehicle, it allegedly manifested non-conformities/defects covered by warranties substantially affecting the use, value, and safety of the vehicle. *Id.* ¶

9.  Plaintiff delivered the Vehicle to Defendant and/or its authorized service and repair facilities for diagnosis and repair of the defects, but the Vehicle allegedly was not serviced or repaired to conform to the applicable express warranties after a reasonable number of opportunities to do so.  *Id.* ¶¶ 27–28.  Defendant did not replace the Vehicle.  *Id.* ¶ 30.

Based on the above allegations, Plaintiff alleges various violations of the Song-Beverly Consumer Warranty Act ("SBA"), California Civil Code §§ 1793.2, 1794.  *See generally* Compl.  Plaintiff initiated this action in the Los Angeles County Superior Court on November 10, 2025.  Dkt. No. 1-1.  Plaintiff served Defendant with a copy of the Complaint on December 17, 2025.  NOR ¶ 1.  Defendant removed this action on January 15, 2026.  NOR.  Defendant filed an answer on January 22, 2026.  Dkt. No. 6.  On February 5, 2026, the Court issued an Order to Show Cause ("OSC") as to why the case should not be remanded for lack of subject matter jurisdiction.  Plaintiff filed the instant motion of February 13, 2026.  Defendant replied to the OSC on February 19, 2026.  Def. OSC Resp., Dkt. No. 13.  Defendant filed an opposition to the Motion on March 4, 2026 and Plaintiff replied on March 9, 2026.  Opp'n, Dkt. No. 15.

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs.  *Id.* §§ 1331, 1332(a).  Where "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold."  *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citation modified).  "Any doubt about the right of removal requires resolution in favor of remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation modified).

## III.    DISCUSSION

The parties dispute whether Defendant has met its burden to establish both the amount in controversy and whether the parties are diverse.  Defendant argues the amount in controversy exceeds $75,000 when considering actual damages, civil penalties, and attorney's fees.  Because Defendant has not established the amount in controversy by a preponderance of the evidence, the Court does not reach the parties' citizenship.

### A.    Actual Damages

The SBA permits actual damages in the form of restitution "in an amount equal to the actual price paid by the buyer," less the "amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle" for repair. Cal. Civ. Code § 1793.2(d)(2)(B)–(C).  "The amount directly attributable to use by the buyer shall be determined by multiplying the actual price of the new motor vehicle paid or payable by the buyer. . . by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle to the . . . repair facility for correction of the problem." *Id.* § 1793.2(d)(2)(C).  "The Ninth Circuit has explained that 'consideration of the [u]se [o]ffset [is] appropriate' in determining the amount in controversy because 'an estimate of the amount in controversy must be reduced if a specific rule of law of damages limits the amount of damages recoverable.'" *Covarrubias v. Ford Motor Co.*, 2025 WL 907544, at *2 (C.D. Cal. Mar. 24, 2025) (quoting *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018)) (alterations in original).  In addition, amendments to the SBA that took effect January 1, 2025, provide for other statutory offsets based on third-party supplied equipment and services, negative equity, manufacturer's rebate, and unpaid interest or financing costs.  Cal. Civ. Proc. Code § 871.27(b)–(d), (f).  "California courts have held that actual price paid or payable, includes all amounts plaintiffs become legally obligated to pay when they agreed to buy the vehicle." *Godoy v. Jaguar Land Rover N. Am., LLC*, 2024 WL 4682310, at *3 (N.D. Cal. Nov. 5, 2024) (quoting *Mitchell v. Blue Bird Body Co.*, 80 Cal. App. 4th 32, 38 (2000)) (citation modified).

Here, the payments due under the Vehicle's lease contract total $46,147.99. Opp'n at 7; Ex. B at 1, 3, Dkt. No. 1-2.  Defendant speculates in its Opposition that Plaintiff has paid $37,153.11 to date, given the date of the agreement, but provides no evidence in support.  Opp'n at 8.  The Vehicle had 16 miles on the odometer

---

when Plaintiff leased it and Defendant asserts without any explanation or documentation that the "first warrantable concern occurred at 12,563 miles" resulting in a use offset of $4,778.32. *Id.* at 8; Gallagher Decl. ¶ 3.  Defendant does not address any other statutory offset.  The Court concludes that Defendant's actual damages estimate is speculative.  *See, e.g., Arnao v. Mercedes-Benz USA, LLC*, 2023 WL 3480872, *2 (C.D. Cal. May 15, 2023) ("district courts in this circuit consider the amount a plaintiff has actually paid on her lease, rather than the total value of the lease, to determine whether the amount in controversy has been met"; "Defendant offers virtually no information about the miles Plaintiff drove on the Vehicle, the amount she paid on the lease, the time elapsed on the lease, or any other information probative of the measure of damages") (citations omitted).

## B.    Civil Penalties

The SBA permits recovery of a civil penalty "which shall not exceed two times the amount of actual damages" if the defendant's violations are willful.  Cal. Civil. Code § 1794(c).  Although district courts have found that civil penalties should be included in the amount in controversy if pled in the Complaint, other district courts do not include civil penalties "unless the removing defendant makes some showing regarding the possibility of civil damages."  *See Savall v. FCA US LLC*, 2021 WL 1661051, at *3 (S.D. Cal. Apr. 28, 2021) (collecting cases).  "The civil penalty under California Civil Code § 1794(c) cannot simply be assumed."  *Castillo v. FCA USA, LLC*, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019).  "District courts regularly find a plaintiffs' boilerplate allegations regarding defendants' willfulness are, without more, insufficient to establish that civil penalties of two times actual damages are not speculative and should be included in the amount in controversy."  *Lopez v. Kia Am., Inc.*, 693 F. Supp. 3d 1063, 1068 (C.D. Cal. 2023).

Defendant argues that Plaintiff is seeking civil penalties and has specifically alleged willfulness.  Opp'n at 4.  However, the Complaint seeks civil penalties "in an amount not to exceed two times Plaintiff's actual damages."  Compl. ¶¶ 24, 30, 39, Prayer for Relief.  Plaintiff does not plead entitlement to the maximum civil penalty and Defendant offers no basis to assume the maximum or to otherwise estimate the civil penalty.  Moreover, because Defendant fails to establish actual damages beyond speculation, any civil penalty calculation is likewise speculative.

## C.    Attorney's Fees

Plaintiffs who prevail on SBA claims may recover reasonable attorney's fees and costs.  *See* Cal. Civ. Code § 1794(d).  The amount in controversy includes "attorneys' fees awarded under fee shifting statutes."  *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016).  A removing defendant bears the burden "to prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence" and must "make this showing with summary-judgment-type evidence."  *Fritsch*, 899 F.3d at 795 (citation omitted).  "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof."  *Id.*

Here, Defendant claims that based on similar consumer warranty cases in California and Plaintiff's counsel's billing rate, it estimates that Plaintiff will seek at least $20,250.00 in attorney's fees.  Opp'n at 9.  However, without further explanation of why this case is factually or legally similar to other cases cited, an estimate of attorney's fees based on counsel's general experience with fees sought in other Song-Beverly actions is insufficient to meet Defendant's burden of proof.  *See, e.g.*, *Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 914 (N.D. Cal. 2020) ("All that Defendants claim is that the same counsel appears in each case and that the subject-matter of the cases are the same. They do not, however, compare or contrast the litigation strategies or the litigation timelines of the two cases.") (citation modified).

## D.    Request for Attorneys' Fees

"Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *see also Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) ("[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted.").  Although ultimately unsuccessful, Defendant asserted a valid basis for removal.  The Court finds that Defendant did not lack an objectively reasonable basis for seeking removal and therefore denies Plaintiff's request for attorney's fees.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand.  The Court discharges the OSC and remands the case to the Los Angeles Superior Court, Case No. 25SMCV05881.  All remaining hearings are vacated. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**